# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| USAA CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Defendant Below/Appellant, | ) ) | |
| v. | ) ) | C.A. No. N23C-08-084 FWW |
| HENRY HAMILTON, | ) ) | |
| Plaintiff Below/Appellee. | ) ) | |

Submitted: January 25, 2024
Decided: January 26, 2024

*Upon the Motion for Summary Judgment of Plaintiff Below/Appellee*
*Henry Hamilton*
**DENIED.**

*Upon the Motion for Summary Judgment of Defendant Below/Appellant*
*USAA Casualty Insurance Company*
**DENIED.**

## <u>ORDER</u>

M. Claire McCudden, Esquire, and Lisa M. Grubb, Esquire, MARSHALL DENNEHEY, P.C., 1007 N. Orange Street, Suite 600, P.O. Box 8888, Wilmington, DE 19899-8888, Attorneys for Defendant Below/Appellant USAA Casualty Insurance Company.

Brian E. Lutness, Esquire, SILVERMAN, MCDONALD & FRIEDMAN, Brandywine East Plaza, 1523 Concord Pike, Suite 400, Wilmington, DE 19803, attorney for Plaintiff Below/Appellee Henry Hamilton.

**WHARTON, J.**

This 26th day of January, 2024, upon consideration of the Motion for Summary Judgment of Plaintiff Below/Appellee Henry Hamilton ("Hamilton"),[1] the Response in Opposition to Appellee's Motion for Summary Judgment and Appellee's Request for Summary Judgment of USAA Casualty Insurance Company ("USAA"),[2] and the record in this case, it appears to the Court that:

1.     On August 9, 2023, USAA appealed to this Court from a Decision of the Arbitration Panel of the Insurance Commission.[3]   The Docket shows that Hamilton served interrogatories and a request for production on USSA on September 13, 2023,[4] summons were signed and picked up by USSA's attorneys to serve themselves on September 28th,[5] and then…nothing.  Finally, on December 14th, the Court sent a stall letter to counsel.[6]

2.     USAA responded first on December 27th.[7] It recited the filing of the appeal, service on Hamilton, and service of Hamilton's discovery requests on it.[8] Then, it noted, "As of this date, no Complaint or other pleading has been filed."[9]

---

[1] Hamilton's Mot. for Summ. J., D.I. 7.
[2] USAA's Resp. to Mot. for Summ. J., D.I. 13.
[3] D.I. 1.
[4] D.I. 2.
[5] D.I. 3.
[6] D.I. 4.
[7] D.I. 5.
[8] *Id*.
[9] *Id.*

The Court noted USAA's letter and stated that it awaited further action by either party.[10]

3.    The next action by either party was Hamilton's Motion for Summary Judgment.[11] The motion explains how Hamilton came to be injured when the ladder he had placed in the bed of his truck and against the wall of a garage at Hilton Marine slipped when he was attempting to fix rotten wood over the garage.[12] As a result of these undisputed facts, Hamilton argues that USAA, as his PIP carrier, is obligated to compensate him for his injuries.[13]

4.    USAA was directed to respond.[14] It did on January 25, 2024, opposing Hamilton's summary judgment motion and requesting summary judgment in its favor.[15] USAA, argues that under the facts set out by Hamilton, his injuries were in no way caused by the use or operation of the vehicle, entitling it to summary judgment.[16]

5.    An unsuccessful party before an automobile arbitration panel of the Department of Insurance "shall have a right to appeal *de novo* to the Superior Court if notice of such appeal is filed with that Court in the manner set forth by its rules

---

[10] D.I. 6.
[11] Hamilton's Mot. for Summ. J., D.I. 7.
[12] *Id.* at ¶¶ 1, 2.
[13] *Id.* at ¶¶ 3,4.
[14] D.I. 12.
[15] USAA's Resp.to Mot. for Summ. J., D.I. 13.
[16] *Id.* at ¶ 8.

within 30 days of the date of the decision being rendered."[17]  Appeals *de novo* are

governed by Superior Court Civil Rule 3(c):

> (c) **Appeals De Novo.**  When an appeal de novo is permitted by law, an action is commenced in the Superior Court by the appellant filing with the Prothonotary a praecipe within the time prescribed by statute for the filing of an appeal. If no time is prescribed by statute, the praecipe shall be filed within 15 days from the entry of the final judgment, order, or disposition from which an appeal is permitted by law. When the appellant is the party having the duty of filing the complaint or other first pleading on appeal, the appellant shall file such pleading with praecipe. **When the appellee is the party having the duty of filing the complaint or other first pleading on appeal, the appellee shall serve a copy of such pleading within 20 days after service of the process on appeal, or if appellee has not been served, within 40 days after the date of the process, and thereafter the pleadings shall proceed as in other actions.**[18]

6.  Hamilton never filed a complaint on appeal.  Because there is no complaint, there is nothing upon which the Court may grant judgment for either party.  Accordingly, both motions for summary judgment are **DENIED**.[19]

---

[17] 21 *Del. C.* § 2118(j)(5).
[18] Super. Ct. Civil R. 3(c) (emphasis added).
[19] Given the basis for the Court's decision and because it denies USSA's motion for summary judgment, it finds it unnecessary to solicit Hamilton's response.

**THEREFORE**, Plaintiff Below/Appellee Henry Hamilton's Motion for Summary Judgment is **DENIED**. Defendant Below/Appellant USAA Casualty Insurance Company's Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.